The second case, the argued case this morning, is United States v. Asuncion. When you're ready, counsel, and you got the order from the court as to the limitation of the subject on which we wish argument? I did, your honor, and I'll comply with that. My name is Dan Johnson. I'm the attorney for Mr. Asuncion, who's currently serving a sentence of life without the possibility of release. I would start, and I'd ask to reserve three minutes of time, and I think to just kind of, the way I analyze this, I think we should start with facts we can agree on, and I hope you'll agree. All three of these Washington possession convictions had sentencing guideline ranges of 12 months or less. In all three cases, the sentencing judge did not make findings of fact and conclusions of law as required to exceed the guideline range. And the statute that was applicable in the 1999 and 2000 convictions was RCW 994A120, and then in the 2003-2004 case, the law was 994A505. That statute came into being in 2001, and it's the follow-up to the 994A120. In that 994A505, which would apply to the third case, the court added in some criteria for mitigating circumstances and aggravating circumstances, but the operative language, which required that any sentence has to be within the guideline range unless the court makes those additional findings, which, and that there's substantial and compelling reasons justifying an exceptional sentence. That was the law in Washington at that time. Government comes in, and, you know, they're arguing the Rodriguez case, but if we look at pre- and post-Blakely, frankly, the Blakely case was decided June 24th, 2004. It was decided after these cases were dealt with under Washington state law. Washington did a Blakely fix of their sentencing guidelines and the statute in 2005, and then they set forth some additional procedures for exceptional change. It became way more particular on what the basis would be for mitigating or exceptional sentences, including some requirements of the jury trials as required in Blakely, which applied Apprendi. So that, I think, is the law. So the bottom line argument from our position is that if you apply Washington sentencing law, which was in effect at the time, any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed, and that law came into being in 2000. And so that's the state law. And then we get to the government's argument about Rodriguez, which is a 2008 U.S. Supreme Court case. In that case, the court was determining a different language. The Valencia-Mendoza and in the McAdory case, all those cases talk about whether the crime is punishable by imprisonment for a term exceeding one year. I don't think there's any substantive difference in the definition of 21 U.S.C. 802 sub 44. It's basically the same language. And so I think the Valencia-Mendoza and McAdory case compel the conclusion that I'm going to be arguing for. Well, this is Judge Fletcher, if I can ask you a question, and that is at the time he was sentenced, you're saying that given the factors particular to his situation in these cases, the guideline range for what punishment under Washington law was less than a year. It was the guidelines then in existence, were the guidelines mandatory? That is, yes, yes, they were your sentencing judge go above the guidelines at that time? He could, if the proper procedure was followed, which under the statute requires the court to, for example, 994 A120 sub 2 said the court may impose a sentence outside the standard sentence range for that offense. If it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence. And sub 3 indicates the court must do written findings of fact and conclusions of law in support of that range, and that would be a determinate sentence. And the law clearly says the court shall impose punishment as provided in this section. The language didn't change in the follow up in 994 A505. It's pretty much the same language. It does then point the reader to 994 A535 relating to exceptional sentences. But it still didn't change that operative procedure, which, unless the court took those steps, the guideline range was binding. That's Washington law in effect, at the time of all three of these convictions. And, and I don't, I can't see an argument around that conclusion, frankly, in light of the court's rulings in Valencia and McAdory. And had the Washington statute with respect to sentencing guidelines and how they worked, had that changed from the time your client was sentenced? And by the time we decided Valencia? It did. And that's the, in 2005, 994 A535, that's when the so called Blakely fix took place. So in April of 2005 is when the law was changed. And it established a procedure for the procedure for how an exceptional sentence would be determined. But back in in the timeframe of these three convictions, that wasn't the case. And the amendment that took place prior to the third conviction in this case, those aggravating and mitigating factors were illustrative, they weren't binding on the court, the court could do use whatever basis it wants to do. But the bottom line is, in all three of these cases, the bottom line of the circuit is, you have to look at the state law in effect at the time and what happened with the each of these cases. And the bottom line is this particular defendant was not sentenced to over 12 months, nor could he have been since those findings weren't made. And so that's, that's, I think, what it comes down to. And frankly, the government's position on Rodriguez, if you look closely at Rodriguez, and as I pointed out in my reply brief, the this particular issue on whether the Washington guidelines would somehow be the maximum term was abandoned by the appellant in that case. And, and so the Supreme Court in Rodriguez wasn't really deciding the question we're here today on. And in 2010, Karachuri-Rosendo came along and then Moncrief. And then of course, the Ninth Circuit's adoption of those cases and reversing the prior law and the prior test. So... Mr. Johnson, sorry, could I could I ask you, I want to make sure I understand your kind of what is your best argument? Okay. And I think I hear you to be saying the following and correct me if I'm wrong. I think I hear you saying that, look, under the old guideline system in Washington, and under the new guideline system, the judge must, to go above the top end of the guideline range, make specific findings. And in furthermore, both under the old Washington guideline system under which your client was sentenced, and as part of making those findings, the judge will be exercising some discretion, right? I mean, even, even under the new guidelines, there are there are things that the judge has to decide, like whether you know, the defendant is being punished enough by the by the top end guideline sentence or whether whether it needs to go higher. And so in both, in both instances, the old and the new system, the judge has to make findings and the judge will be exercising discretion in making those findings. And therefore, for whether you're talking about the old system or the new system, if the judge hasn't made any findings, then we should look back and treat the maximum as being the top end of the guideline range. Is that is that the essence of your old system? I guess the new if the new system is the 2005 law, but that as I as I indicate, that was post dates, everything that went on here. But if you're talking the new as being 59, I think it's the same thing. I apologize. I was referring when I say old, I mean, the system, the system that your client was sentenced All right, yeah, yeah, that the Valencia court was was considering. Yes. And but but but in the end, as I as I argued in my brief, and as I'd argue now, the it's the same issue unless those extra steps are taken and the findings made, Washington law at the time says the and still does the sentence, the guideline range is binding unless these additional procedures are followed. And on an on an intuitive level, I have, I will say that I have a lot of sympathy for your point, just that, that, you know, why should it matter how much discretion the judge has? I mean, in both cases, in both systems, the judge needs to make findings. And in both systems, the judge, you know, can exercise discretion in deciding whether to go above the guideline range. And so from an sort of from a fairness standpoint, from an analyst analytical standpoint, why should it matter just how much discretion the judge has? But the problem you have is this, this Valencia Mendoza case, right, which is actually analyzing the Washington guideline system, and comparing the system that your client was and explains in in some detail, how much more discretion was given to the judge previously, and how much that matters for purposes of identifying, you know, the the maximum sentence to which the defendant was exposed. And so I guess what I'm saying is, is a matter of intuition, I understand your point. But as a matter of law, looking at what Valencia Mendoza said, and how Valencia Mendoza compared the two guideline systems, and how Valencia Mendoza described the importance of the Rodriguez decision, as a matter of law, it's I'm having a hard time seeing how you win. And so I just want to wanted to pose that question. Well, I think the what my argument would be is, when you look at whether something's punishable, by more than one year, the court must examine the elements and the sentencing factors that correspond to the crime of conviction, not a hypothetical situation. In none of these cases, none of the cases were supported by that additional finding. And I don't think I think in Valencia Mendoza, the court obviously wasn't drilling down on exactly this current arguments. It's the drill down pretty hard on this question. I mean, they they made some, the court made some very strong statements on the distinction between the two guideline systems and why it matters. What I think is important is in the 9948505. And then when you look at 9948535, those, those provisions aren't binding on the So it didn't, it didn't cabin the discretion. But until the discretion is used by the judge, under clear Washington law, the sentence is what it was. And that sounds like what you're saying is that the I'm sorry to interrupt. I was just gonna say it sounds like what you're saying is that the the court in Valencia Mendoza conducted an incorrect analysis or incorrect comparison of the old guideline system and the new guideline system. I don't know that I wouldn't call it incorrect. I would call it the analysis they used to decide the facts on the case that was before them. This one has a little additional twist. But it's it's if you apply the rationale from the Supreme Court, as this court did in in Valencia and McAdory, I'd suggest to you that that it makes that that the bottom line is these sentences, the guideline ranges, all were calculated properly under Washington law. But on all of them, the guideline range was less than one year. And I, I don't know how the government gets around that they can say whatever they want about the differences, the additional factors. But I don't see how those additional factors change. And I don't think Rodriguez is the final word on this issue. I think you're almost out of time. And you see you don't see how the government is going to get around it. Let's see. Let's let's let them try. All right. So let's hear from the government. And we'll make sure you have no chance to respond. Thank you. Good morning, may please the court Francesca Valentini for the United States. All three of the defendant state drug offenses date back to 2000 and 2004 2004 under Washington's former open ended guideline system. And in that guideline system, the court could depart up from a standard range based on an open ended potentially infinite set of factors that were never determined or assigned by the legislature. When essentially the guilty for that reason, no one could have told him unless the sentence or find sentencing factor A, or B or C, you will not see a sentence above 12 months. And so as soon as offensive where Yeah, excuse me, just a second. This is not your fault. Bonnie, the clock's not running. The one I'm talking to the court. There we go. So if you'd set it at about 14, Bonnie, that's about what we ought to be. And so as soon as offensive, we're I will just continue from here. Yeah, please. Yeah. Okay, thank you. And so as soon as offenses were both in fact and legally punishable by more than one year of Rodriguez, the Supreme Court decision from 2008 really essentially answers the question that's presented here. We're doing is considered whether the same guideline system, the Washington pre 2005 system and he held that the statutory maximum was not the top of the guideline sentence and not the top of the guideline sentence sentence determined the maximum firm by which an offense is punishable under Washington law. Why Rodriguez reached that that determination is key. He held that the Washington system, which again, of course, the same system that is the issue here, David spread the sentence in the sentence or discretion to the part up for For essentially any or in potentially infinite number of explaining how guideline systems usually work. And, and, and the ruling hinged on how guideline systems in the United States typically work, not and it didn't specifically hinge on how the Washington system worked at the time, there was a footnote, they kind of said what this is, and this is how the Washington system works as well. But you're describing Rodriguez as hinging on Rodriguez is holding as hinging on how the Washington system worked at the time. And I don't think that's, I don't think that's quite correct. Well, I think that in that case, Rodriguez, you know, Rodriguez had conceded that the guidelines did not determine the applicable statutory maximum as applicable to him in that 35 I'm sorry 39 carry over into 40 of his brief is Second, He argued That if the focus properly is on the term of the defendant that the defendant actually faced, which we now know that's where the focus should be, or is the guidelines control because Washington's judges and Quoting from General Rodriguez's brief could impose exceptional set an exceptional sentence exceeding the standard range only after finding certain aggravating factors and the sentencing judge From no such factors in respondents case that is exactly Mr. Asuncion's argument in this case. And that is the argument that did not carry the day in I think that Rodriguez squarely consider the possibility that the guidelines, the top of the guidance range will be the driving the size of the the marker for the statutory maximum and And he concluded that it was not also this court, even aside from Rodriguez, of course, this court in Valencia Mendoza. Actually confirmed that Rodriguez, or at least the rationale of Rodriguez, as it just described as controlling In Valencia Mendoza, this court held that under the Washington's post 2005 guideline system, the guidelines determine the maximum of the maximum firm by which the defendant is punishable, but in reaching that decision, as your honor mentioned before Valencia Mendoza went to great lengths to distinguish Rodriguez and the Washington's pre 2005 guidelines as issued with Again, if I can read briefly to from the from the court's decision in Valencia Mendoza, the court said that that distinction between, as in Valencia Mendoza, statutorily defined factual circumstances and as in Rodriguez And as in this case. Any potential factual circumstance circumstance is important because it defines the maximum possible punishment assigned by the legislature with emphasis on assigned by the legislature for Valencia Mendoza essentially held is that by leaving a Open ended set of potential sentencing factor from which the the sentence or could pick Um, to support a sentence above the standard range, the legislature had given enough discretion that the defendants so that the defendant was fairly understood to be punishable up to the top up to the statutory maximum It seems like it seems like the Valencia Mendoza case leaves us in in kind of a difficult position because we we have to look to the guidelines, right, we have to look to the state's guideline system and we it seems like we almost have to ask how much discretion does the system gives the judge to Sentence the defendant above the high end of the guideline range. Right. And, and You know, the Mendoza Valencia Mendoza court drew this very stark distinction between Washington's old system and Washington's new system. And maybe we're stuck with that. I don't know. But I'm not quite sure that that was correct. I mean, I think under the new guideline system. It's, it's true that the judge can only identify for Aggravating factors that would support a sentence above the high end of the guideline range, but in finding those four factors. I gather the judge can exercise a lot of discretion. Right. I mean, there are references to, you know, whether the Guideline calculation punishes the defendant enough based on, you know, the number of offenses. The defendant committed in a in a group. And and things like that. And so it seems like the judge is still exercising quite a bit of discretion in deciding whether one of those aggravating factors applies and therefore in deciding whether the defendant should be Sentenced to something above the guideline range. And so we really are. I mean, on some level, I think the defendant is right that in both systems, the judge has to make findings. Right. The judge has to make specific findings about why he sentencing the defendant to something above the range and in both systems, the judge has discretion. On whether to do so or not, and on what things to take into account and deciding whether to do so. It's just a question of how much discretion. And so now we're sort of stuck in this situation where we have to analyze all these states guideline systems and and and sort of test how much discretion, the judges have to decide what the whether an offense was punishable by more than a year. We don't disagree. I mean, that it is true that the dividing line between Rodriguez and the old guideline system in the new guideline system and Valencia Mendoza hinges on the amount of discretion, but I think Valencia Mendoza offered at least one very tangible practical Marker of where to draw that that line that critical line, according to Valencia Mendoza, which is, did the legislature define a universe of fact that it decided it's the legislature, not the Not the centers, the legislature that it decide decided would be the sine qua non did the necessary precondition for a sentence above the top of the standard range. Is that really true. I mean, I don't, I don't know if that's, I mean, if it is that really true under Washington's current guideline system. I mean, there, it seems like the judge has a lot of leeway to consider and find a lot of facts in deciding whether one of those aggravating factors. So I it has the legislature really, you know, identified the facts that are necessary to, I mean, I'm not sure if they're not sure what we can do about that in light of Valencia Mendoza, but I'm just, I'm just wondering if that's really correct. I think it is correct. I think that's why the legislature list that was very comprehensive in this in this in this thing, many facts, but he also went out of its way to change the standard and said the following circumstances are an exclusive list of factors that can support a sentence about the standard range and the one other ones that the judge can decide. Right. So there's one in there about whether the person is being adequately punished considering the number of crimes they committed. Right. Yes. And so can you read that one to me. The defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter. I believe that's the one that you're referring to. Yeah. And there's another one that's very similar to that. And I apologize. I don't have them in front of me, but there's another one that's very similar to that. And that sounds like a judge can consider pretty much everything in deciding whether, you know, the presence of unscored misdemeanors can, you know, make it so that the high end of the guideline range is not enough. So if I may take a step back, I think the four factors that are listed, I think your honors is referencing the reason why the court, as opposed to the jury, is charged with deciding those factors because the recidivism concerns that don't implicate Amandara's story. And for that reason, those are turned over to the court as opposed to the jury as preconditions to as possible preconditions to go above the top of the guidelines range. Sure, there is discretion. Some of these are qualitative judgments as opposed to, in some ways, raw factual findings. But the key thing that the legislature was trying to accomplish was compliance with Blakely. And so in doing so, it set out some recidivism concerns. Now, one could question whether Valencia Mendoza, those are the factors under the current or the guideline system addition, Valencia Mendoza, are themselves discretionary enough that perhaps they shouldn't set the term by which a defendant is punishable, but that is a decision that this court has made. And so having made that decision, having distinguished the different set of guidelines that governed before Blakely in 2004 and 2000, that is a separate issue. And I think that, again, the fact that the legislature under the previous system did not enact an exhaustive close set of triggering factual circumstances for the district judge, but really turn over that discretion to the sentencer. It's a market that is reflected. It's a governmental line, and it's an administrable one, and it's one that's recognized both in Rodriguez. That's why Rodriguez said guidelines such as the ones here are now... So the distinction for you is open-ended versus a listing of specific factors. If it's open-ended, then the maximum is not defined by the top end of the guideline range. But if there are just a list of specific factors that the judge would find, then the maximum is defined by the top end of the guideline range. Absolutely. I think that's exactly the distinction that Valencia Mendoza drew, and it's called critical on page 1217 of that decision. And then again, I read it before. That's exactly the line that Valencia Mendoza drew between... Counsel, is it fair to say that Valencia Mendoza made the distinction between a discretionary sentencing regime and a mandatory sentencing regime? Is that a fair characterization of Valencia? I want to be careful about using characterization such as sentencing as mandatory or discretionary, because in some ways the line drawing here may be different for Sixth Amendment purposes, and that's why Blakely found a problem with the past system under Washington law, and what is a sufficiently discretionary or mandatory system for statutory purposes of what Congress meant when it enacted a provision that said punishable. In your mind, what was the distinction that was made in Valencia Mendoza in between the prior sentencing scheme and the one in effect now? What was the distinction then? In the prior sentencing scheme, the sentencing factors that had to be found to go above the top of the guidelines range were statutorily defined by the legislature, and on the other hand, in the post-Blakely, post-2005 sentencing scheme, that those triggering required sentencing factors were assigned by the legislature, as Valencia Mendoza emphasized in that decision. That was for the new... The post-2005... Post-2005, they were assigned by the legislature, and in the pre-2005, they were left to discretion of the judge. Correct. The legislature only provided an illustrative but not exhaustive list of sentencing factors. Okay. The one last point that I wanted to mention is that Valencia Mendoza also referenced the fact that the language... An issue in Valencia Mendoza said punishable, and perhaps that could have been a little different. The maximum term, which is the language, there was an issue in Rodriguez, but there is no indication that that consideration would have been independently sufficient. In any event, Valencia Mendoza arose in the context of the guidelines. In that context, it may have made sense to think that punishable had the implication that Valencia Mendoza recognized, not so in the context of Congress enactment of a statute like this one in 1994, when we know that in the same statute, Congress is punishable, as it often routinely does to designate and characterize a statutory maximum, as opposed to a guidelines-based kind of assessment. For instance, on that section... Okay. I think we take the point. You're over, but I think we understand the argument. Thank you very much for your... Thank you very much. We would ask the court to affirm. Thank you. Of course. For rebuttal, would you please put two minutes on the clock, Bonnie? Judge, I'm ready when you are. Okay. Ready for rebuttal. All right. You know, the government makes a point about the law, what's the sentencing law assigned by the legislature. The legislature assigned the guidelines that were used in the prior three convictions. And the statute was there. The fact that the prior statute gave the judge hypothetical authority to sentence the person to five years, it didn't happen. And that's the same thing in McAdory, same thing in Valencia. Whether you're using the post-Blakely law or the pre-Blakely law, the legislature has spoken. As your opponent notes, I mean, I think your problem is just in the language of the Valencia-Mendoza decision itself, right? They say that distinction between, as here, statutorily defined factual circumstances, and as in Rodriguez, which is the old Washington system under which your client was convicted, an open-ended inquiry into any potential factual circumstance is important because it defines the maximum possible punishment assigned by the legislature in italics. And it seems like that really is the distinction. And we can have an argument about whether that distinction is accurate, but it's right in there. I mean, I don't know what we can do with that. Well, I think what you can do with it is you can apply the law that was in effect when these three convictions took place. And when you look at if the court follows what it's decided in Valencia, the next step, logically, in my argument, is if you're going to look at what the state statute provided, whether it's an open-ended inquiry or not, without those additional fact findings and following the procedure, making findings of fact, conclusions of law, that was the maximum sentence under the law. And I do ask you to reverse the case for a fresh resentencing. And I'll be arguing the first step back should apply then. And I don't really have much further. Thank you. I have one question. When you said we should look to the law that was in effect when your client was sentenced, do you mean then that we should disregard Valencia? No. No, I'm not saying that. But I think it's an extension, logically, from what the courts ruled in Valencia and the McAdory case, that when we look at if we're going to apply the state statute sentencing law that was in effect at the time, again, I'm not seeing a difference. I mean, hypothetically, even under the new system, the judge can give the person the maximum of the statute, five years. And so under both systems, the court had that hypothetical potential to do it and didn't. And in our case, did not do that. And under Washington law, which was binding on the courts at the time, that determinant sentencing law, the bottom line is the maximum sentence in all three of those cases was 12 months or less. And I understand the language in Valencia, but I argue that that shouldn't preclude you from this nuance and in this particular factual situation. And that, I don't have much else to say. All right. Thank you, counsel. Thank you. Thank you both sides for very good arguments. And this case now, United States v. Asuncion submitted for decision. Thank you very much. Thank you. This court for this session stands adjourned.
judges: W. Fletcher, Rawlinson, Chhabria